UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORTH POINT INVESTMENT FUND, LLC, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DANIEL RIVERA, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Case No.: 12-CV-02959-LHK <br><br> ORDER DENYING APPLICATION FOR IN FORMA PAUPERIS; REMANDING UNLAWFUL DETAINER ACTION TO SANTA CLARA COUNTY SUPERIOR COURT |

Defendant Daniel Rivera ("Defendant" or "Rivera"), proceeding pro se, filed a notice of removal of a Santa Clara County Superior Court unlawful detainer action to this Court. *See* ECF No. 1. Defendant also filed an application for leave to proceed in forma pauperis ("IFP"), so that he may proceed in federal court without paying the $350.00 filing fee. *See* ECF No. 2; 28 U.S.C. § 1914(a). North Point Investment Fund ("Plaintiff") has moved to remand the case to state court.[1] ECF No. 8. Defendant did not file an opposition to Plaintiff's motion to remand. The deadline to file an opposition has passed. Thus, Plaintiff's motion to remand is unopposed. *See* Civil L.R. 7-3(a). Pursuant to Civil Local Rule 7-1(b), the Court finds that Plaintiff's motion is suitable for decision without oral argument. Accordingly, the motion hearing and case management conference set for September 6, 2012 are VACATED. Having reviewed the state court complaint

---

[1] Plaintiff also filed a motion to shorten time on the motion for remand. ECF No. 13. Because the Court vacates the hearing date and remands this case to state court, Plaintiff's motion is DENIED as moot.

1
Case No.: 12-CV-02959-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION

and the relevant law, the Court determines the complaint was improperly removed from state court. Accordingly, the application for leave to proceed in forma pauperis is DENIED, and the case is REMANDED to state court.

I. BACKGROUND

This action arises from Plaintiff's efforts to evict Defendant from residential property located at 1168 Cathay Drive, San Jose, CA 95122 (the "Property"). *See* Complaint ("Compl.") ¶ 4, ECF No. 1. Plaintiff is the owner of the Property having purchased the premises at a trustee's sale on April 9, 2012. *Id.* ¶ 6. On April 24, 2012, Plaintiff filed an unlawful detainer action in Santa Clara County Superior Court against Claudia Almejo, the previous owner of the property, and Does 1-20. The unlawful detainer action was based on a failure to comply with a 3-day Notice to Quit. *Id.* ¶¶ 7-10. Defendant Daniel Rivera is a current tenant of the Property. *See, e.g.*, Notice of Removal Ex. at 17-22.

On June 7, 2012, Rivera removed the unlawful detainer action to federal court. ECF No. 1. The matter was originally assigned to Magistrate Judge Howard R. Lloyd and was reassigned to the undersigned judge on June 8, 2012. *See* ECF Nos. 4-6.

II. DISCUSSION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $350.00. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right," and "[t]he granting or refusing of permission to proceed in forma pauperis is a matter committed to the sound discretion of the district court." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) (citations omitted); *see Torres v. Garcia*, 444 F.2d 537, 537 (9th Cir. 1971) (per curiam).

The Ninth Circuit has indicated that leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has both demonstrated poverty *and* presented a claim that is not factually or legally frivolous within the definition of § 1915(e)(2)(B). *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Thus, the Court "may deny leave to

2
Case No.: 12-CV-02959-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION

proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati*, 821 F.3d at 1370 (citing *Reece v. Washington*, 310 F.2d 139, 140 (9th Cir. 1962); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.), *cert. denied*, 382 U.S. 896 (1965)). "It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit[,] and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis." *Smart*, 347 F.2d at 116 (citations omitted); *accord Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

In addition to the Court's duty to examine the merits of a complaint under the IFP statute, the Court also has an independent duty to determine whether it has jurisdiction. In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. 28 U.S.C. § 1447(c). The removing defendant bears the burden of establishing that removal is proper. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Defendant alleges, as the basis for removal, that this court has subject matter jurisdiction based on federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal at 6, ECF No. 1.

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law, if based on the "well-pleaded complaint," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 129 S.Ct. 1262, 1271 (2009). A review of the original complaint filed in state court discloses no federal statutory or constitutional question. An unlawful detainer cause of action such as the one asserted here does not raise a federal question. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 U.S. Dist. LEXIS 8018, 2011 WL 204322, at * 2 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168 (1977)) (remanding unlawful detainer action to state court based on lack of federal question jurisdiction); *Partners v. Gonzalez*, 2010 U.S. Dist. LEXIS 95714, at * 2-3 (N.D. Cal. Aug. 30, 2010) (same).

1   Defendant alleges as the basis for federal question jurisdiction a defense based on the
2 Protecting Tenants at Foreclosure Act ("PTFA"). *See, generally*, Notice of Removal.  The PTFA is
3 a relatively recent federal statute that provides certain protections to tenants who reside in
4 foreclosed property.  *See* 123 Stat. 1632, 1660 (2009).  However, it is well-settled that a case may
5 not be removed to federal court on the basis of a federal defense.  *See Franchise Tax Bd. v.*
6 *Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).  Thus, to the extent Rivera's defense
7 to the unlawful detainer action is based on alleged violations of federal law, those allegations do
8 not provide a basis for federal jurisdiction.

9   Accordingly, this Court lacks subject matter jurisdiction, and this case is REMANDED to
10 Santa Clara County Superior Court.  Moreover, the Court determines that this proceeding is
11 without merit, and Rivera's application for leave to proceed in forma pauperis is DENIED.  The
12 Clerk shall close the file.

13 **IT IS SO ORDERED.**

14 Dated: July 9, 2012

_____
LUCY H. KOH
United States District Judge

4
Case No.: 12-CV-02959-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION